# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 12-60042
Summary Calendar

Lyle W. Cayce
Clerk

ZHOU WEN DONG,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 077 833

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Zhou Wen Dong, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) decision to dismiss his appeal from the Immigration Judge's (IJ) order denying his motion to reopen. In his motion to reopen, he contended, inter alia, that the birth of his two children in the United States, along with changed conditions in China regarding enforcement of the Chinese family planning policy, entitled him to a new removal proceeding to consider his eligibility for asylum relief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We will affirm the decision to deny a motion to reopen "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotations marks and citation omitted).

An alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). A motion to reopen is not barred by this timing requirement, however, if the alien's request for relief "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii); *see also* § 1003.2(c)(3)(ii). To determine whether there has been a material change in country conditions, "the evidence of country conditions submitted with the motion [is compared] to those that existed at the time of the merits hearing." *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (BIA 2007). In addition to showing changed country conditions, the alien must show prima facie eligibility for the relief from removal that he seeks. *INS v. Abudu*, 485 U.S. 94, 104 (1988).

Dong argues that the brief he filed in support of his motion to reopen demonstrates that he is subject to China's family planning policy even though his children were born abroad and that the Chinese Government has enforced its family planning policy "more strictly." Dong may not incorporate by reference the briefs he filed before the IJ or BIA. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (28 U.S.C. § 2254 case). He has therefore failed to substantiate his assertions regarding proof of changed country conditions.

Dong also argues that evidence that he had two children in violation of China's family planning policy and that local Chinese officials have threatened

to fine and sterilize him demonstrate that conditions in China have changed. The threat of forced sterilization for violating China's family planning policy by having children outside China constitutes a self-induced change in an alien's personal circumstances and not a changed country condition. *See Zhang v. Holder*, No. 11-60679, 2012 WL 3031844, at \*1 (5th Cir. July 26, 2012) (unpublished). Moreover, the evidence pointed to by Dong does not demonstrate that the threat of forced sterilization has changed or increased since he was ordered deported. *See Panjwani v. Gonzales*, 401 F.3d 626, 633 (5th Cir. 2005).

The BIA did not abuse its discretion by ruling that Dong failed to establish changed country conditions sufficient to warrant consideration of his untimely motion to reopen. *See* § 1229a(c)(7)(C)(ii); § 1003.2(c)(3)(ii); *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005). Accordingly, we need not reach his argument that he established prima facie eligibility for relief from removal.

Dong's petition for review is DENIED.